## 35348. ZACHARY v. THE STATE.

MARSHALL, Justice.

The appellant was convicted on three counts of a four-count indictment charging him with violations of the Controlled Substances Act. The trial court granted his motion for directed verdict as to Count 1 of the indictment, but denied his motion for directed verdict as to the remaining counts. However, the court reporter did not

report the proceedings on the appellant's motion for directed verdict, in violation of Code Ann. § 6-805 (d) (Ga. L. 1965, pp. 18, 24).

On appeal, the Court of Appeals nonetheless affirmed the appellant's conviction, on the ground that he had failed to show how he was harmed by the failure to report his motion for directed verdict and the trial court's ruling thereon. We granted certiorari.

Code Ann. § 6-805 (d) provides that, "Where a trial in any civil or criminal case is reported by a court reporter, all motions, colloquies, objections, rulings, all evidence whether admitted or stricken on objection or otherwise — copies or summaries of all documentary evidence, the charge of the court, and all other proceedings which may be called in question on appeal or other post-trial procedure shall be reported, and where the report is transcribed, all such matter shall be included in the written transcript, it being the intention of this law that all these matters appear in the record, rather than in assignments of error on appeal or otherwise, which are abolished by this law."

Code Ann. § 6-805 (f) establishes a procedure whereby a party who contends that the transcript of record does not truly or fully disclose what transpired in the trial court can have the record completed: "Where any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court *and the parties are unable to agree thereon,* the trial court shall set the matter down for a hearing with notice to both parties, and resolve the difference so as to make the record conform to the truth. If *anything material to either party* is omitted from the record on appeal or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and, if necessary, that a supplemental record shall be certified and transmitted by the clerk of the trial court." (Emphasis supplied.) See also Code Ann. § 6-805 (g) (governing preparation of a transcript from recollection when the trial is not reported or the transcript is unobtainable).

In this case, the parties are not in disagreement as to

what transpired in the trial court. It is undisputed that the appellant made the motion for directed verdict, which was granted as to Count 1 but denied as to the other counts. In the motion for new trial, the appellant argued that the trial court erred in denying his motion for directed verdict as to the remaining counts, because the state's evidence showed that he had been entrapped. But, this issue can be resolved by looking to the remaining portions of the transcript. Therefore, it can not be said that anything material to the appellant has been omitted from the record on appeal.[1]

In addition, where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of Code Ann. § 6-805 (f). See *Allen v. State,* 230 Ga. 772 (2) (199 SE2d 246) (1973); *Montford v. State,* 148 Ga. App. 335 (1) (251 SE2d 125) (1978); *Smart v. State,* 147 Ga. App. 117 (5) (248 SE2d 185) (1978). See also *Patterson v. State,* 233 Ga. 742 (7) (213 SE2d 612) (1975). When this is not done, there is nothing for the appellate court to review. *Allen v. State,* supra; *Montford v. State,* supra; *Smart v. State,* supra.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Hill and Bowles, JJ., and Judge Charles L. Weltner, concur. Clarke, J. not participating.*

ARGUED NOVEMBER 13, 1979 — DECIDED JANUARY 3, 1980.

*Robert T. Efurd, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks,*

---

[1] In the question in which this court certifies that it is particularly interested after an application for certiorari has been granted, we suggested that, where there has been a violation of Code Ann. § 6-805 (d), harm is presumed and the appellant need not demonstrate harm. Even if we were to hold that there is such a presumption, it would be rebutted here, since it affirmatively appears that no harm occurred.

*Assistant District Attorney,* for appellee.