## 64509. COOPER v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for kidnapping and aggravated assault with intent to rape. *Held:*

1. Defendant asserts that he is entitled to a new trial because a full verbatim transcript of the proceedings was not made in that there were omissions.

We find no merit in this assertion.

In addition to defendant not showing any harm or prejudice by the omissions (*Rutledge v. State,* 245 Ga. 768 (4), 773 (267 SE2d 199)), there is nothing in the record to show that the trial court was asked to follow the procedures of Code Ann. § 6-805 (f) (Ga. L. 1965, pp. 18, 24).

"[W]here the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of Code Ann. § 6-805 (f). [Cits.] When this is not done, there is nothing for the appellate court to review. [Cits.]" *Zachary v. State,* 245 Ga. 2, 4 (262 SE2d 779). Accord, *Page v. State,* 159 Ga. App. 344 (6) (283 SE2d 310).

2. The general grounds are enumerated.

The evidence shows that the defendant secreted himself in the back seat of the victim's car. When the victim got in and drove off, defendant threatened her with a knife and directed her where to drive. Defendant eventually took over the driving and, during several

hours, defendant stopped in three locations and attempted with threats and violence to get the victim to have intercourse with him. After the third attempt defendant fell asleep and the victim was able to escape. The victim said defendant did not act normally and appeared to be under the influence of something. The defense was insanity with opposing psychiatrists agreeing that defendant was schizophrenic. There was no testimony that defendant did not know right from wrong at the time of the offenses, and one psychiatrist testified that defendant probably knew right from wrong at the time.

We find that the evidence was sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Prior to trial defendant filed a general Brady motion for all statements made by witnesses. The state apparently produced nothing in response to the motion. At trial, after the jury was struck but before any evidence was presented, defendant orally requested that the trial court make an in camera inspection of the alleged victim's pretrial statement. The court refused because defendant had announced ready in the case and "it was not done prior to the evidence and it was waived and it is too late."

Defendant alleges that the trial court violated the rule of *Tribble v. State,* 248 Ga. 274 (280 SE2d 352), which held that a trial court is not required to conduct an in camera inspection requested in a Brady motion, but after the state has responded to the motion if the defendant requests an in camera inspection, the trial court must comply with the request.

Pretermitting whether the request was timely made, there was no prejudicial error in the trial court's failure to examine the victim's statement as the contents thereof would not have affected the outcome of the trial.

"The Constitution requires that, upon request by the defendant, the State disclose all favorable evidence which is material either to guilt or to punishment. '[I]mplicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial.' United States v. Agurs, 427 U. S. 97, 104 (96 SC 2392, 49 LE2d 342) (1976).

" . . . 'The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense.' Id. at 109. [Cit.]

" '[I]f the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or

not the additional evidence is considered, there is no justification for a new trial.' Agurs, supra, at 112-113," *Wallin v. State,* 248 Ga. 29 (6), 33 (279 SE2d 687).

"Defendant . . . has the burden of showing that the evidence withheld from him 'so impaired his defense that he was denied a fair trial within the meaning of the Brady rule. [Cits.]' " *Potts v. State,* 241 Ga. 67 (5), 74 (243 SE2d 510).

"[W]e do not retreat from the rule that 'a defendant bears the burden of showing prejudice to his case resulting from the prosecution's refusal to turn over documents or evidence.' [Cits.]" *Tribble v. State,* 248 Ga. 274, 275, supra.

In the instant case the defense was insanity and defendant wanted anything in the victim's pretrial statements which would support that defense. At defendant's request, the victim's pretrial statements were sealed and forwarded to this court by order of the trial court. The statements are consistent with the victim's testimony at trial, that defendant appeared to be under the influence of something and did not act normally. The only thing in the statements which possibly could have assisted in the defense of insanity was that just before the defendant fell asleep defendant was telling the victim how he was going to kill her and the victim in her statement said he was "talking crazy."

In view of the psychiatric testimony presented and all the other circumstances of defendant's conduct during the several hours of the commission of the offenses, and assuming arguendo that the victim's statement that defendant was talking crazy was some evidence of insanity, we find that there is no reasonable doubt about defendant's guilt whether or not the additional evidence was considered. *Wallin v. State,* 248 Ga. 29, 33, supra. Moreover, defendant did not carry his burden of showing prejudice to his case by the failure of the trial court to make an in camera inspection. *Reed v. State,* 249 Ga. 52 (3), 56 (287 SE2d 205); *Tribble v. State,* 248 Ga. 274, supra.

4. Defendant enumerates as error the trial court's failure to charge on the burden of proof on the issue of insanity that the defendant has the burden of proving by a preponderance of the evidence that he is insane (*Durham v. State,* 239 Ga. 697 (1), 698 (238 SE2d 334)), and that thereafter "the state is required to rebut that showing beyond a reasonable doubt." *Moses v. State,* 245 Ga. 180 (2b), 183 (263 SE2d 916).

"[W]here the charge of the court includes instruction as to insanity but places the burden of proof as to each essential element of the crime, including intent, upon the state beyond a reasonable doubt, it is not error for the court not to instruct the jury, specifically, absent a request, as to any burden of proof regarding sanity." *Powell*

*v. State,* 237 Ga. 490 (1), 492 (228 SE2d 875).

In this case defendant's requested instruction did not set forth the burden of proof alleged to have been erroneously omitted, nor did the trial court give any specific instructions concerning the burden of proof on insanity.

We find that the essence of defendant's requested instruction was included in other instructions given by the court. Since defendant's requested instruction did not specifically request the burden of proof defendant is now arguing and the instructions given clearly placed the burden of proof as to the essential elements of the offenses, including intent, upon the state beyond a reasonable doubt, there is no merit in the enumeration. *Powell v. State,* supra.

5. Defendant contends that the trial court's instruction that every person is presumed to be of sound mind and discretion, that the presumption may be rebutted and that it may be inferred therefrom that such a person intends the natural and probable consequences of his act, was error as it shifted the burden of proof to the defense.

We do not agree as we have found no error in substantially the same instruction in *Bernard v. State,* 159 Ga. App. 99 (2), 101 (282 SE2d 733), where we said: "The instruction was not misleading and '[t]his was not the kind of mandatory presumption presented in Sandstrom, which could have been interpreted by reasonable jurors as either conclusive or burden shifting.' *Skrine v. State,* 244 Ga. 520, 521 (260 SE2d 900)."

*Judgment affirmed. Shulman, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 13, 1982.

*G. Terry Jackson,* for appellant.
*Spencer Lawton, District Attorney, David T. Lock, Assistant District Attorney,* for appellee.