## A90A2108. IVORY v. THE STATE.
### (405 SE2d 90)

POPE, Judge.

Appellant Leroy Ivory was convicted of one count of possession of marijuana and one count of possession of cocaine. Shortly after midnight on May 8, 1987, police executed a no-knock search warrant at an apartment where appellant was living with his girl friend, Ernestine Williams. Police found no one in the living room and proceeded to the master bedroom. There, they found Ernestine Williams in the bed and Ivory on his hands and knees in the closet area. After securing Williams and Ivory, police found cocaine on the dresser in the bedroom and marijuana in the closet where Ivory was kneeling. Later that morning at the police station, after Detectives Chratian and Lynn had advised Ivory of his rights and Ivory indicated he wanted an attorney, Ivory spontaneously volunteered the statement that he did not see how police could charge Ms. Williams for the drug charges when the drugs were his.

1. Ivory argues that the State has failed to provide him all the transcripts of all the pre-trial proceedings, thus denying him the right effectively to appeal. The transcripts Ivory alleges are missing pertain to certain pre-trial motions. Complicating matters, while this case was pending, Ivory also was being prosecuted for armed robbery under a separate indictment. Apparently, some motions hearings were held in which motions pertaining to both cases were heard. However, a review of the record shows, in this case, Ivory filed only discovery motions, a motion for change of venue and a motion to suppress. A transcript of the motion to suppress is included on appeal, as is one for a *Jackson-Denno* hearing. Although Ivory argues there also was a motion to recuse the district attorney, no such motion was filed on the record in this case. The one motion that sought to incorporate motions from the armed robbery case into this case made reference only to the motion for change of venue and motions for discovery. It is not clear from the record and the transcripts included on appeal whether any other motions hearings were transcribed or whether testimony was presented at those hearings.

OCGA § 17-8-5 (a) requires the trial judge to ensure that the testimony in all felony trials is taken down. "[I]n the event of a felony conviction, it is the duty of the state, at its own expense and through the agency of the presiding judge, to request the court reporter to transcribe the reported testimony. [Cit.]" *State v. Hart*, 246 Ga. 212,

213 (271 SE2d 133) (1980). Pursuant to OCGA § 5-6-41 (d), preliminary motions would be included in the proceedings subject to OCGA § 17-8-5 (a). But see *Miller v. State*, 165 Ga. App. 487 (3) (299 SE2d 174) (1983) (if no testimony is given, but only argument presented, OCGA § 17-8-5 (a) does not require a transcript). "[W]here the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of [OCGA § 5-6-41 (f)]. [Cits.] When this is not done, there is nothing for the appellate court to review. [Cits.]" *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980). See also *Cooper v. State*, 163 Ga. App. 482 (1) (295 SE2d 161) (1982). Ivory has not followed the procedure required by *Zachary*, supra. We have nothing to review.

2. Ivory argues the trial court erred in denying his motion for new trial based on the failure of his trial lawyer to call Ernestine Williams as a witness. At the hearing on the motion for new trial, trial counsel testified he talked to Ernestine Williams and had no intention of calling her as a witness. This reflects a tactical decision by trial counsel made in the exercise of his professional judgment. As such, it affords no basis for reversal. *Taylor v. State*, 190 Ga. App. 681, 682 (1) (379 SE2d 814) (1989).

3. Ivory argues the trial court erred in denying his motion to suppress. The affiant seeking the warrant, Detective Lynn, listed information provided by four separate confidential informants who had proved reliable in the past. At the motion for new trial, Ivory attempted to impeach two of the alleged sources of information relied upon by Detective Lynn. Even were we to accept that this testimony properly discredited those two sources, the remaining information was sufficient to enable the magistrate to find probable cause. See *Bullock v. State*, 195 Ga. App. 37 (1) (392 SE2d 534) (1990). There is no merit to this enumeration.

4. Ivory argues his character improperly was put into issue. The record shows that after counsel for Ivory objected to the testimony and moved for a mistrial, he asked the court to give curative instructions to the jury. The trial court did so and also denied the motion for mistrial; and thereafter counsel for Ivory did not renew his motion. In this circumstance, there is no merit to the enumeration. *Chandler v. State*, 143 Ga. App. 608 (2) (239 SE2d 158) (1977).

5. There is no merit to Ivory's argument that the trial court erred in denying his motion for mistrial based upon his objection to the prosecution's statement made in closing argument that Ivory was ready to sell everybody else down the river to protect himself. At trial, Ivory denied any knowledge of the drugs and adduced evidence to suggest that others actually placed the drugs in the residence. The remark made by the prosecution came during a period of argument in

which the prosecutor was arguing regarding Ernestine Williams' failure to testify. "While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence, and the fact that the deductions may be illogical, unreasonable or even absurd is a matter for reply by adverse counsel and not rebuke by the court." (Citation and punctuation omitted.) *Ward v. State*, 193 Ga. App. 137, 140 (5) (387 SE2d 150) (1989).

6. The trial court did not err in allowing evidence of Ivory's statement to police asking them why they persisted in charging Ms. Williams when the drugs were his. The record clearly supports the trial court's finding that the statement was not a result of police interrogation, but was made voluntarily and without coercion. See *Miller v. State*, 194 Ga. App. 338 (3) (390 SE2d 291) (1990).

7. Ivory argues that the trial court's charge did not adequately cover the doctrine of equal access and that the trial court should have given his written request. We find no merit in this argument. The charge given by the court adequately covered the subject.

8. Ivory argues the trial court improperly commented on the evidence when he explained a ruling by referring to his recollection of earlier testimony. "The statutory inhibition (OCGA § 17-8-57) against an expression or intimation of opinion by the trial court as to the facts of the case does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence. [Cits.]" *Mathis v. State*, 171 Ga. App. 620 (1) (320 SE2d 861) (1984). There is no merit in this enumeration.

9. The sentence imposed by the trial court was within statutory limits and is not unconstitutional. *Covington v. State*, 157 Ga. App. 371 (2) (277 SE2d 744) (1981).

10. The evidence was sufficient to enable a rational trier of fact to find Ivory guilty beyond a reasonable doubt of the offenses charged pursuant to the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 14, 1991 —
REHEARING DENIED MARCH 26, 1991 — ▓▓▓▓▓▓▓▓

*Terry T. Everett, Sonya J. Calhoun*, for appellant.
*Edward D. Lukemire, District Attorney, P. Dee Brophy, Assistant District Attorney*, for appellee.