A91A1588. HOLLOWAY v. THE STATE.
(410 SE2d 799)

McMURRAY, Presiding Judge.

Via indictment, defendant was charged with obstructing a correctional officer in violation of OCGA § 16-10-24 (b). He was tried by a jury which returned a verdict of guilty. This appeal follows the imposition of sentence and the denial of defendant's motion for a new trial. *Held*:

1. The general grounds are without merit. Viewed in a light favorable to the State, the evidence shows that, as defendant was being removed from his cell for a shower, he struck a correctional officer in the face. Although the officer and defendant had had a verbal confrontation earlier in the day, the officer did nothing to provoke defendant at the time in question. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of obstructing a correctional officer in the lawful discharge of his official duties beyond a reasonable doubt. *Salter v. State*, 187 Ga. App. 178 (369 SE2d 798).

2. Defendant contends the trial court erred in refusing to permit him to ask a prison administrative assistant whether the prison guards "always abide by [the] post orders." We find no merit in this contention. Defendant failed to perfect the record by obtaining an answer to the question. Accordingly, we are presented with nothing to review. *Byrd v. State*, 78 Ga. App. 824, 831-832 (3) (52 SE2d 330). See also *Thompson v. State*, 187 Ga. App. 152, 153 (369 SE2d 523).

3. In his last enumeration of error, defendant contends the trial court erred in permitting the correctional officer to testify that defendant was housed in "high max segregation," an area set aside for prisoners who "have been violent toward other staff or other population." He asserts this evidence was offered for the sole purpose of injecting an inference that defendant is a person of violent character.

When the officer was asked "what type of population is this in the M building," defendant objected on the ground that he did not "see any relevance as to what type of population is in what building in the prison . . ." He did not contend, as he does now, that the officer's testimony injected his character into the case. Thus, we cannot consider defendant's last enumeration of error. " 'Grounds which may be considered on appeal are limited to those which were urged before the trial court. (Cit.)' *Kingston v. State*, 127 Ga. App. 660, 661 (194 SE2d 675)." *Stephens v. State*, 164 Ga. App. 398 (3), 399 (297 SE2d 90).

Even if defendant had objected on the ground now urged on appeal, we would be compelled to find that any error in permitting the officer to testify about the type of building housing defendant was harmless. The prison administrative assistant subsequently testified, without objection, that defendant was housed in the "maximum security segregation unit." We think this evidence was similar to the evidence about which defendant complains. " 'Where certain evidence is admitted over objection, but similar evidence to the same effect is admitted without objection, the admission of the evidence objected to will not constitute reversible error, even if the admission of the evidence was erroneous.' [Cits.]" *Jordan v. State*, 77 Ga. App. 700, 703 (1) (49 SE2d 694).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

Decided September 16, 1991.

*Cheney & Cheney, Michael L. Chidester,* for appellant.
*Dupont K. Cheney, District Attorney, Lisa M. Young, Assistant District Attorney,* for appellee.