A95A2091. WILKINS v. THE STATE.
(469 SE2d 695)

BEASLEY, Chief Judge.

After an Atlanta police officer stopped Cynthia Wilkins for traffic violations and found her smelling of alcohol and unable to perform roadside sobriety tests up to par, her blood alcohol concentration level was determined to be .16 grams. A jury convicted her of driving under the influence and speeding. She does not contest the jury's verdict on her speeding charge but raises several issues concerning the

DUI conviction. OCGA § 40-6-391 (a) (1) or (4).[1]

1. Wilkins claims the trial court erred by denying her motion in limine and allowing evidence of the blood-alcohol readings revealed by the Intoximeter 3000. She argues before this Court that the implied consent warning failed to inform her she could choose her own qualified personnel to perform an independent test, as required by *State v. Causey*, 215 Ga. App. 85 (449 SE2d 639) (1994). We cannot consider this ground because it was not raised in the trial court. Wilkins' only claim there was that the officer should not have told her the additional test would be at *her own expense*. The attempted shift of grounds waives one and forgoes the other. *Watkins v. State*, 206 Ga. App. 701, 705 (426 SE2d 238) (1992); *Smith v. State*, 265 Ga. 570, 571-572 (459 SE2d 420) (1995). "Because this is a court for review and correction of error, we cannot consider objections to evidence different from those raised at trial." *Waugh v. State*, 218 Ga. App. 301, 304 (460 SE2d 871) (1995).

To the extent Wilkins still urges the ground presented to the trial court, it is without merit. Such language in the implied consent warning has not been disapproved. See *Howard v. State*, 219 Ga. App. 228, 229 (2) (465 SE2d 281) (1995). The advice given was a correct statement of the law then in effect, OCGA § 40-5-67.1 (b) (4).

2. Wilkins alleges as error the court's refusal to grant a mistrial during her cross-examination. The solicitor asked Wilkins if she had ever been stopped by the police; an objection was raised and sustained before she ever answered. The solicitor asked if she had "ever been convicted of a D.U.I. before." Another objection was made before she answered, and the solicitor responded: "If she has ever been convicted of a previous D.U.I. then there's an indication that this is a pattern of conduct." The court excused the jury, and defense counsel moved for a mistrial. The court denied it and, when the jury returned, told the jurors to disregard the last question posed by the solicitor. Defense counsel made no further objections on this issue until the close of evidence, at which time he renewed his motion for mistrial and the court again denied it.

Wilkins contends that the State's unanswered question improperly injected her character into the determination of guilt or innocence. In these circumstances, the trial court has wide discretion to grant the mistrial or give curative instructions as the court did. *Morgan v. Hawkins*, 155 Ga. App. 836, 839 (273 SE2d 221) (1980); *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315) (1982). The questions and stated hypothetical were not so egregious as to infect the factfinding

---

[1] The court charged both subsections and the jury returned a verdict of guilty of violating "40-6-391."

process per se, and thus the trial court did not abuse its discretion. Id.

Furthermore, after the curative instructions were given, Wilkins made no further objection or motions for mistrial until the jury had received all evidence and retired to the jury room. Having failed to timely inform the trial court of any further action she desired taken, Wilkins cannot now complain. *Bailey v. State*, 209 Ga. App. 390, 394-395 (6) (433 SE2d 610) (1993).

3. Wilkins protests the trial court's denial of her motion for new trial because the court did not first conduct a hearing on that motion. The motion asserted only the general grounds and was filed two days after the jury's verdict but with no request for a hearing. The trial court, with the evidence and proceedings fresh in mind albeit without a transcript, denied the motion ten days after it was filed. See *McClure v. State*, 163 Ga. App. 236, 237 (2) (293 SE2d 496) (1982); OCGA § 5-5-40 (c). Wilkins cannot complain of the court's action when she took no steps to request argument or a hearing. She had a due process right to one if requested, but "the trial court has no duty to initiate such hearing until requested by one of the parties." *Peyton v. Peyton*, 236 Ga. 119, 120-121 (1, 2) (223 SE2d 96) (1976). See also *Shockley v. State*, 230 Ga. 869 (199 SE2d 791) (1973); *Gantt v. Sweatman*, 162 Ga. App. 738 (293 SE2d 359) (1982). As was done in the latter two cases, but not by Wilkins, the party seeking a hearing must take affirmative steps to request one. Wilkins waived her right by missing her opportunity. *Peyton*, supra.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 12, 1996 —
RECONSIDERATION DENIED MARCH 8, 1996.

*L. Paul Cobb, Jr.*, for appellant.

*Louise T. Hornsby, Solicitor, Clayton Sinclair, Jr., Assistant Solicitor*, for appellee.