A96A2017. MULLINS v. THE STATE.
(480 SE2d 264)

BLACKBURN, Judge.

A Fulton County jury convicted Larry Mullins of aggravated assault (OCGA § 16-5-21 (a) (2)) after he attacked the supervisor of his road crew with a metal pipe. He appeals from that conviction and a three-year prison sentence. We affirm.

1. In his first enumeration of error, Mullins contends the trial court erred by denying his motion for new trial without a hearing. The record reflects that motion was filed on May 9, 1995, and denied on July 3, 1995. At no time before the court denied the motion did Mullins file a rule nisi or other request for a hearing. In the absence of a timely request from one of the parties, the trial court had no duty to initiate a hearing. *Wilkins v. State*, 220 Ga. App. 516, 518 (3) (469 SE2d 695) (1996); see also *Peyton v. Peyton*, 236 Ga. 119, 120-121 (223 SE2d 96) (1976). This enumeration is without merit.

Mullins' request for hearing was untimely because it was made after the trial court ruled on the motion for new trial. Nonetheless, because Mullins' counsel apparently did not receive a copy of the order denying her motion for new trial and subsequently filed a request for hearing several months after the court had ruled, the trial court scheduled a hearing though not required to do so. At Mullins' *specific request*, the trial court then entered another order denying the motion for new trial nunc pro tunc to the date of the original order so that Mullins could file this appeal. Accordingly, Mullins can show no error or harm in the trial court's actions.

2. In his second enumeration of error, Mullins claims the trial court prevented him from testifying about prior threats or acts of violence he had seen the victim display on the job site toward other employees. This matter was apparently discussed during an unreported bench conference. If the trial court excluded such testimony, the record does not fully reflect its reasons for doing so. Because the record contains no order excluding the subject testimony or a tran-

script of the hearing thereon, we are precluded from reviewing this issue on appeal. See *Clay v. State,* 209 Ga. App. 266, 269 (2) (433 SE2d 377) (1993) (requirement of showing error by the record); *Holloway v. State*, 201 Ga. App. 204, 205 (2) (410 SE2d 799) (1991) (requirement of proffer as a prerequisite for appellate review).

Pretermitting whether Mullins adequately preserved this claimed error, however, the trial court did not err by excluding the testimony. The record shows Mullins made no effort to give the trial court prior notice of his intent to produce this testimony, as required by Uniform Superior Court Rules 31.1 and 31.6, and *Chandler v. State*, 261 Ga. 402, 408 (3) (405 SE2d 669) (1991). This claim therefore is without merit.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

1. I agree that Mullins' first enumeration of error is without merit, but for a different reason. Mullins contends the denial of his motion for new trial without a hearing constituted an abuse of discretion by the trial judge, who was a different judge from the one who had presided at trial.

Mullins' counsel did not know the court had ruled on the motion on July 5, 1995, when she sought a rule nisi setting a hearing in March 1996. Apparently the court was also unaware of the previous order when it set a hearing for March 22. No hearing was held because it was discovered that the order had been entered.

Instead, on April 23, 1996, Mullins filed a motion to set aside the July 5, 1995 order because the time to appeal had expired, and he sought a new order so he could file a timely appeal. He did not ask for a hearing on the motion for new trial. The court granted the motion to set aside and entered a new order on May 15, thereby affording Mullins precisely what he sought, the opportunity to appeal. The next day he filed his notice of appeal.

Since Mullins did not seek a hearing, and none is required absent a request, *Wilkins v. State*, 220 Ga. App. 516, 518 (3) (469 SE2d 695) (1996), he cannot complain that the court abused its discretion in not holding one.

I note that Mullins sought, and the court granted, a nunc pro tunc order. We have, rightly, ignored that aspect of the order. Nunc pro tunc means "Now for then. . . . A phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, i.e., with the same effect as if regularly done." Black's Law Dictionary (rev. 6th ed. 1996). The purpose of the order of May 15, 1996, would be defeated if it were given effect on July 3, 1995, because the appeal period had long expired when the order was actu-

ally entered. For this reason, the Court does not consider the appeal untimely.

2. As to the second enumeration, I agree that we cannot review the issue on appeal because we do not know upon what basis the court excluded the evidence or even whether it made a ruling. The State did not give the ground for its apparent objection on the record, and the record does not show whether the court ruled or whether Mullins withdrew the line of questioning. It was Mullins' obligation to assure that the bench conference at which this matter apparently was addressed was reported. *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980); *Ivory v. State*, 199 Ga. App. 283, 284 (1) (405 SE2d 90) (1991). See also OCGA § 5-6-41 (d) and (f). I do not join in the further ruling.

DECIDED JANUARY 9, 1997.

*Cathy M. Alterman*, for appellant.

*Lewis R. Slaton, District Attorney, Phyllis M. Burgess, John C. Culp, Assistant District Attorneys*, for appellee.