## A97A1631. ANDERSON v. THE STATE.
### (491 SE2d 893)

BEASLEY, Judge.

Betty Anderson was convicted of aggravated assault with a cane (OCGA § 16-5-21 (a) (2)), simple battery by kicking and stomping (OCGA § 16-5-23 (a) (1)), and seven counts of reckless conduct for endangering the safety of school children (OCGA § 16-5-60). She contends the court erred in disallowing two witnesses to testify that the victim acted violently in previous situations. She also claims her attorney rendered ineffective assistance in failing to give timely notice of the testimony of these witnesses.

On Monday, March 4, 1996, Ruth Vaughn, a public school bus driver for Haralson County, was driving a bus full of students to their homes. Vaughn pulled up to Anderson's house and dropped off four children, leaving eleven still on the bus. Upset that on the previous Friday Vaughn left the four children at a nearby relative's house, Anderson took her cane and pushed her way onto the bus to confront Vaughn. She stood on the steps inside the bus and demanded of Vaughn "what [her] d___ problem was with the kids, b____." When Vaughn cautioned Anderson not to get on the bus, Anderson took her cane with both hands and beat Vaughn and yelled profanities at her. Vaughn struggled to unbuckle her seat belt while Anderson continued to beat her. Once free, Vaughn physically kicked Anderson off the bus. When Vaughn attempted to close the bus door with her foot, Anderson grabbed her foot and jerked her down the steps and off the bus. Anderson threatened to kill Vaughn and resumed beating her with the cane, which eventually broke from force. Crying, Vaughn

begged Anderson to stop and lamented her leg was broken. Anderson then kicked and stomped Vaughn mercilessly.

Meanwhile, the bus had begun rolling down the street with 11 scared and crying children in it. Some children escaped through the rear emergency door. Anderson quit her attack, mounted the bus, and stopped it. When she disembarked, she profaned and told Vaughn to get up. Vaughn repeated that her leg was broken and requested Anderson to call an ambulance. Anderson responded she hoped Vaughn's "d___ neck" was broken and went into her house. At the insistence of Anderson's husband and son-in-law, both of whom witnessed the entire event without intervening, Vaughn got back on the bus and coasted until she arrived at another residence where she received help. The school children corroborated this version of the events.

Vaughn had 30 bruises and cane marks on her face, arms, chest, back, and legs, and her left leg was broken. She received stitches behind her left ear; the muscles in her left thigh died; and she required reconstructive surgery on her left knee. Seven months after the incident she was still in therapy and unable to work.

At trial Anderson and her husband and son-in-law testified that she did not strike Vaughn with the cane, that she did not drag Vaughn from the bus, that she did not stomp or kick Vaughn, that she used no profanity, and that her cane was never broken. They claimed that when Anderson asked Vaughn about the children, Vaughn got up and kicked Anderson, returned to her seat, slammed the bus door on Anderson, revved up the engine with Anderson still in the door, kicked the door shut with her foot (prompting Anderson to grab her foot to protect herself), and "tripped" or fell out of the bus.

On October 4, the Friday before the October 7 trial date, Anderson filed and served by mail a notice that she intended to claim justification and would present "evidence of relevant specific acts of violence by the victim against third parties. The act of violence was an attempted assault on Clara Cook at [a certain address and phone number] while on the school bus." This evidence was precluded, apparently because the notice had not been filed ten days or more prior to trial.

Anderson called Cook at trial and asked about problems she may have had with Vaughn. The State objected, and the court reminded Anderson they had discussed the matter previously. Anderson agreed. When Cook conceded she did not know of Vaughn's reputation in the community, Anderson asked no further questions. She also asked witness Nathan Forester if he knew of Vaughn's reputation in the community; he responded no, and his examination ended. The jury found Anderson guilty.

Anderson moved for a new trial on the grounds that Cook and

Forester should have been allowed to testify to prior incidents of violence by Vaughn against them, and that her trial counsel had rendered ineffective assistance by failing to give timely notice of the testimony. At the hearing on the motion, Cook testified that in 1994 she stepped onto Vaughn's school bus to complain about Vaughn's treatment of her child. The two women argued, and Cook challenged Vaughn to get off the bus and "settle it here in my front yard." Vaughn demanded that Cook disembark, which Cook refused. When Vaughn stood to remove Cook from the bus, Cook stated: "You're not woman enough to put me off this bus." Vaughn sat back down and informed Cook she would be going to school with them, and Cook responded "fine." As the bus proceeded down the road, Vaughn repeatedly opened and closed the school bus door (which brushed against Cook's arm) to throw Cook off the bus. Cook felt in no danger of being thrown off the bus. After a block, Cook asked Vaughn to stop the bus and let her off, which she did. At no point did Vaughn strike or kick Cook. Cook told a GBI agent and Anderson's counsel of this incident more than a month before trial.

Nathan Forester also testified at the hearing. In 1991 he could not get Vaughn to talk to him about his children's behavioral problems. One day he parked his truck so Vaughn's bus could not proceed, and the two argued. Although he testified she acted aggressively, Vaughn never left her seat and did not hit, kick, or strike Forester. He told Anderson of this incident, but he never spoke with Anderson's trial counsel about it.

Anderson's trial counsel conceded he gave notice of only the Cook incident, and he was unsure whether he mentioned the "door closing" testimony to the court and prosecution. He admitted that the Forester incident did not involve a violent act, and that he did not ask Forester about the incident at trial because of his own extrapolation of the judge's ruling on the Cook testimony. He testified that the proposed testimony would not have affected the outcome of the case, and that his representation of Anderson was not ineffective.

At the conclusion of the hearing, the trial judge stated that he failed "to see how a five-year-old and a two-year-old act not involving the defendant and not involving violence could be particularly relevant in this situation" and that "even if [he] had allowed the testimony in the trial, the outcome of the trial wouldn't have been any different." He denied the motion for new trial.

1. Anderson first claims the court erred in refusing to allow Cook and Forester to testify about prior violent acts. Because a GBI agent had interviewed Cook more than a month before trial, Anderson argues the court should have exercised its discretion to shorten the ten-day notice period of USCR 31.1 to three days.

Notice of "the intention of the defense to introduce evidence of

specific acts of violence by the victim against the defendant or third persons, shall be given and filed at least ten (10) days before trial unless the time is shortened or lengthened by the judge." USCR 31.1; see *Chandler v. State*, 261 Ga. 402, 408 (3) (405 SE2d 669) (1991). "We interpret this as clothing the trial court with discretion which will not be controlled absent abuse." *Hall v. State*, 181 Ga. App. 92, 93 (1) (b) (351 SE2d 236) (1986).

Regarding Forester, no notice was given. Although the court never ruled as to whether his testimony would be allowed, when Forester was called as a witness counsel independently decided the judge would disallow inquiry into Forester's experience with Vaughn. But he never asked.

Regarding Cook, the pretrial conference and the ruling disallowing her testimony are unrecorded. At most we have the trial court's statement (in response to a relevancy objection by the State to Cook's testimony) that it thought "we went into that earlier," and trial counsel's post-trial testimony that the court excluded the Cook testimony because of failure to comply with the ten-day rule in USCR 31.1. The defendant in *Mullins v. State*, 224 Ga. App. 218 (480 SE2d 264) (1997), similarly complained the trial court ruled in an unreported bench conference to exclude testimony about prior acts of violence by the victim. "If the trial court excluded such testimony, the record does not fully reflect its reasons for doing so. Because the record contains no order excluding the subject testimony or a transcript of the hearing thereon, we are precluded from reviewing this issue on appeal. [Cits.]" *Id.* at 218-219 (2).

Even considering the merits, the trial court did not err by excluding the Cook testimony. A court does not abuse its discretion by enforcing a Uniform Superior Court Rule and refusing to make an exception. The fact that Cook related her story to a GBI agent does not excuse Anderson from timely notifying the prosecutor of an intent to call Cook to prove specific acts of violence.

Anderson not only filed her notice seven days late, leaving the State only a weekend to prepare, but she did not specify the date of the act of violence in her notice as required by USCR 31.6 (B). *Syfrett v. State*, 210 Ga. App. 185, 187-188 (5) (435 SE2d 470) (1993), held that an indefinite notice served four days prior to trial justified the exclusion of evidence of prior violent acts by the victim. See *Miller v. State*, 263 Ga. 723, 724 (2) (438 SE2d 81) (1994) (notice lacking times, places, and names insufficient). "There was no abuse in this exercise of the trial court's discretion, especially considering that appellant's untimely notice did not contain all of the relevant information required by USCR 31.6 (B). It follows that the evidence was not erroneously excluded." *Armstrong v. State*, 265 Ga. 18, 19 (2) (453 SE2d 442) (1995).

2. The question remains whether counsel's failure to give adequate notice precluded the admission of the key testimony of Cook and Forester to support Anderson's defense that Vaughn was the aggressor and that Vaughn's injuries occurred as a result of Anderson's attempts to ward off Vaughn's kicks.

"Generally, the burden is on the defendant claiming ineffective assistance of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness *and* (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted; emphasis in original.) *Adefenwa v. State*, 221 Ga. App. 429, 432 (3) (471 SE2d 900) (1996); see *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996) (must show ineffectiveness and harm); *Johnson v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542) (1996) (clearly erroneous standard).

The failure to file a timely notice regarding Cook and Forester does not fall below an objective standard of reasonableness, for USCR 31.6 requires this notice only where the defendant intends to "claim justification and [to] present . . . evidence of relevant specific acts of violence by the victim against the defendant or third persons." Neither circumstance is present. First, Anderson did not claim justification. In opening statements her counsel stated as to Count 1 (aggravated assault by hitting Vaughn with the cane) that she used the cane in self-defense. But this defense was abandoned, as Anderson and her witnesses testified she never struck Vaughn with the cane. In his closing argument, her counsel did not mention self-defense and argued instead that the caning never occurred. Similarly, Anderson denied having kicked or stomped Vaughn (simple battery count) and denied dragging Vaughn from the bus so as to create a dangerous risk to the students (reckless conduct counts).

Defense of self would mean that although Anderson committed the violent acts, she was justified in doing so. See OCGA § 16-3-21. By the close of trial, Anderson's own testimony and that of her witnesses clarified that this was not her defense. Accordingly, evidence of other violent acts by Vaughn was irrelevant. See *Hollis v. State*, 225 Ga. App. 370, 371 (2) (484 SE2d 54) (1997) (evidence of violent acts by the victim against third persons irrelevant where the defendant denied having struck the victim); *Simmons v. State*, 266 Ga. 223, 228 (5) (466 SE2d 205) (1996) ("evidence of violent acts by the victim, against third persons, is admissible only when the defendant claims justification as a defense").

Second, even assuming Anderson's testimony preserved justifi-

cation as a defense, the excluded testimony does not show specific acts of violence against third persons by Vaughn. See *Bennett v. State*, 265 Ga. 38, 40-41 (3) (453 SE2d 458) (1995) (victim's burglary convictions inadmissible because did not show any violence against a person); compare *Johnson*, supra, 266 Ga. at 383 (2) (victim had shot at, assaulted, and threatened others with weapons). Anderson failed to bear the burden of proving the acts involving Cook and Forester "suggest[ ] . . . . violence on the part of the victim against third persons." *Wells v. State*, 261 Ga. 282, 283 (4) (b) (404 SE2d 106) (1991).

Forester admitted that Vaughn stayed in her seat and did not strike or hit him. Cook testified that despite Cook's invitations to fight, Vaughn did not strike or hit her. Vaughn did repeatedly open and close the bus door, which brushed Cook's arm, to throw Cook off the bus. Yet Cook never felt in danger of falling off the bus. Neither incident was recent. The trial court's finding that these incidents did not involve violence and were not relevant is not clearly erroneous. See *Lowe v. State*, 267 Ga. 410, 414 (5) (a) (478 SE2d 762) (1996) ("threats and menaces" by victim insufficient to show acts of violence). Compare *Ochle v. State*, 218 Ga. App. 69, 73 (5) (459 SE2d 560) (1995) (evidence that victim challenged others to fight may be admissible as an act of violence). Accordingly, the court did not err in finding that her counsel's failure to timely identify this testimony in a USCR 31.1 notice did not fall below an objective standard of reasonableness.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 9, 1997.

*Word & Simmons, Gerald P. Word*, for appellant.
*James R. Osborne, District Attorney, Cari K. Johanson, David B. Fife, Assistant District Attorneys*, for appellee.