## A99A0160. ISAAC v. THE STATE.
### (516 SE2d 575)

RUFFIN, Judge.

Aundray Radell Isaac pled guilty to driving under the influence of alcohol, interfering with government property, making terroristic threats, and obstruction of an officer. The trial court orally pronounced sentence on April 22, 1998, and entered a written sentence on April 23, 1998. Among other things, the sentence required Isaac to pay restitution in the amount of $2,310.02. Although he was represented by counsel, Isaac filed a pro se motion to withdraw his plea on April 27, 1998, stating that he was "ill advised" when he entered the plea and that he "entered the plea due to threats and coercion." On May 20, 1998, Isaac's appointed attorney filed a notice of direct appeal from the judgment of conviction and sentence. Subsequently, on June 17, 1998, the trial court denied Isaac's motion to withdraw his plea. On appeal, Isaac contends that (1) the trial court erred in ordering him to pay restitution, (2) the trial court failed to properly determine whether his plea was freely and voluntarily entered or whether there was a factual basis for the plea, (3) the trial court erred in denying his motion to withdraw the guilty plea, and (4) he

received ineffective assistance of counsel in connection with the plea.

A criminal defendant does not have an unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). Thus, the merits of Isaac's appeal can be addressed only if the issues he seeks to raise can be resolved by facts appearing in the record, including the transcript of the guilty plea hearing. *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996).

1. In his first enumeration of error, Isaac contends the trial court erred in requiring him to pay restitution without holding a hearing or making findings of fact as required by OCGA § 17-14-1 et seq. In *Radford v. State*, 223 Ga. App. 312, 313 (2) (477 SE2d 428) (1996), we held that "Code sections 17-14-8 through 17-14-10 contemplate a *hearing* and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof." (Punctuation omitted; emphasis in original.) The State concedes that Isaac was entitled to a restitution hearing. It is apparent that this issue can be resolved by reference to the facts appearing in the record. Therefore,

> we must reverse that portion of appellant's sentence which imposes restitution and remand the case to the trial court with direction that a hearing on the issue of restitution be held at which OCGA § 17-14-9 and the factors in OCGA § 17-14-10 are to be considered and we further direct that the written finding required by OCGA § 17-14-8 be made.

(Punctuation omitted.) Id.

2. Isaac contends that, in accepting his guilty plea, the trial court failed to properly determine whether the plea was freely and voluntarily given or whether there was a factual basis for the plea. To the extent that this contention can be resolved by reference to the facts in the record, it is without merit.

The transcript of the guilty plea hearing reflects that Isaac was one of fourteen defendants who pled guilty to various crimes at the hearing. Isaac's court-appointed attorney, Marcus Todd, was at his side during the hearing. In conducting the hearing, the trial court first addressed certain questions to the defendants as a group, and the defendants' answers to these questions were individually recorded by the court reporter. In response to these questions, Isaac indicated, among other things, that he was not under the influence of any substance; that he could read, write, and understand the English language; that he had read and understood the indictment; and that he

was completely satisfied with his attorney's representation. The judge then advised the defendants as a group of their constitutional rights, including the right to a jury trial; the right to subpoena and confront witnesses; the right to testify on their own behalf and offer other evidence; and the right to have the assistance of a lawyer. Isaac indicated that he understood these rights. The court then informed the defendants that they waived these rights, including the presumption of innocence, by entering a guilty plea; that they could withdraw their plea at any time before sentence was imposed; and that they had the right to appeal their conviction and sentence. Isaac indicated that he understood these facts, and that he had no questions about his rights or any other issues.

The court then discussed the specific charges with each of the defendants individually. With respect to Isaac, the court informed him of the nature of his plea agreement, the charges he faced under the plea agreement, and the possible sentence on each charge. Isaac confirmed that the court's discussion of these facts conformed with his own understanding.

In response to questions posed to the group as a whole, Isaac stated that he understood his rights and the charges against him; that his plea of guilty was freely and voluntarily made; that no threats, promises, or agreements were made to induce his plea; that the plea was his own voluntary act; that he was guilty of the charges against him; and that he understood the court was not bound by any agreement or recommendation as to sentencing, but could impose a sentence within the limits previously explained.

The district attorney then related the factual basis for the various pleas. He explained that, on January 1, 1998, Isaac was operating a vehicle while under the influence of alcohol to the extent that it was less safe for him to drive and was stopped at a police roadblock. Isaac broke the window of a police vehicle and threatened to kill an officer and his family and burn down their house. Isaac obstructed the officer by resisting arrest and fighting with the officer. In response to the court's questions, Isaac indicated that the district attorney's recitation of the facts was correct.[1] The trial court found that there was a factual basis for the pleas and that each of the

---

[1] In his brief, Isaac claims that he "in fact answer[ed] in the negative to some of the questions asked by the trial court, including whether the facts alleged by the Assistant District Attorney were true." However, Isaac did not seek to correct any alleged inaccuracies in the transcript as provided in OCGA § 5-6-41 (f).

> Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). . . . When this is not done, there is nothing for the appellate court to review.

*High v. Zant*, 250 Ga. 693, 698 (11) (300 SE2d 654) (1983).

defendants, including Isaac, "entered the pleas of guilty freely, voluntarily, knowingly and intelligently after fully understanding all of his or her constitutional and statutory rights appertaining thereto."

The above facts clearly supported the trial court's finding that Isaac's plea was freely and voluntarily made and that there was a factual basis for the plea. Isaac's contention that the guilty plea hearing constituted an improper "mass arraignment" is without merit. In several cases, we have indicated that "[i]t is difficult to imagine a mass arraignment procedure which could satisfy the trial court's burden of establishing that a proper *waiver of counsel* has occurred." (Emphasis supplied.) *Jones v. State*, 212 Ga. App. 676, 679 (1) (442 SE2d 908) (1994); see also *Washington v. City of Atlanta*, 201 Ga. App. 876 (412 SE2d 624) (1991); *Turner v. State*, 162 Ga. App. 806 (1) (293 SE2d 67) (1982). However, these cases

> do not hold that a "mass arraignment" is impermissible. Rather, they hold that a "mass arraignment" . . . is insufficient by itself to fulfill the trial court's responsibility to make a personal inquiry and determine that a proposed guilty plea by one who is unrepresented by counsel is in fact knowingly and voluntarily made, upon an appreciation of the nature of the charges and the consequences of the guilty plea.

(Emphasis omitted.) *King v. State*, 226 Ga. App. 576, 584 (4) (486 SE2d 904) (1997), rev'd on other grounds, 270 Ga. 367 (509 SE2d 32) (1998). Here, Isaac was represented by an attorney, who was at his side during the plea hearing. The court personally advised the defendants, including Isaac, of their constitutional rights and discussed with Isaac individually the charges against him and possible sentences. Under these circumstances, the trial court was authorized to conclude that Isaac's guilty plea was freely and voluntarily made and supported by a factual basis.

3. Isaac contends that the trial court erred in denying his pro se motion to withdraw his guilty plea. As noted above, however, the trial court did not rule on the motion until *after* Isaac's attorney filed the notice of appeal from the judgment of conviction and sentence. In criminal cases as well as civil cases, the filing of a notice of appeal "has the effect of depriving the trial court of jurisdiction to modify or alter its judgment." *Bryson v. State*, 228 Ga. App. 84, 85 (1) (491 SE2d 184) (1997); *Holt v. State*, 205 Ga. App. 40 (1) (421 SE2d 131) (1992); *D. P. v. State of Ga.*, 129 Ga. App. 680, 681 (1) (200 SE2d 499) (1973). Since the grant of a motion to withdraw a guilty plea after sentence has been imposed is, in effect, a modification of the judgment of conviction and sentence, the filing of the notice of appeal

from the judgment of conviction and sentence deprived the trial court of jurisdiction to grant Isaac's motion to withdraw his plea.[2]

Moreover, even if we were to consider the merits of Isaac's claim, it is clear that the trial court did not err in denying the motion. A defendant has an absolute right to withdraw a guilty plea and plead not guilty at any time before sentence is orally pronounced by the trial court. OCGA § 17-7-93 (b); *Anderson v. State*, 194 Ga. App. 395 (390 SE2d 637) (1990). In his brief, Isaac suggests that OCGA § 17-7-93 (b) should apply because the signature line of the motion to withdraw the plea indicates that it was signed on April 21, 1998, the day before sentence was pronounced. However, the motion was not in fact filed with the court until April 27, five days after sentence was pronounced. Moreover, Isaac did not inform the court during the sentencing hearing on April 22 that he desired to withdraw his plea. Even if Isaac drafted and signed the withdrawal motion before sentence was pronounced, he took no steps to communicate his desire to withdraw his plea until after the judge imposed a sentence he found unsatisfactory. Accordingly, he was not entitled to withdraw his plea as a matter of right pursuant to OCGA § 17-7-93 (b).

"[A]fter sentence is imposed a guilty plea may only be withdrawn to correct a manifest injustice." *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995); Uniform Superior Court Rule 33.12. The defendant in such case must file a timely motion to withdraw his plea, and the trial court's ruling on such motion will not be disturbed on appeal absent a manifest abuse of such discretion. See *Anderson*, supra; *Romano v. State*, 220 Ga. App. 322, 323 (1) (469 SE2d 726) (1996); USCR 33.12 (A).

Isaac argues that the trial court erred in denying his motion without affording him the right to a hearing. However, pretermitting whether a defendant has a right to a hearing on a motion to withdraw a guilty plea,[3] Isaac never requested that the trial court hold

---

[2] This situation is not analogous to cases such as *Livingston v. State*, 221 Ga. App. 563, 564 (472 SE2d 317) (1996), in which we have held that a prematurely filed notice of appeal becomes effective upon the entry of the judgment or order referenced in the notice of appeal. In those cases, the notice of appeal indicates that it is taken from a judgment which may have been orally announced by the trial court but has not yet been formally entered. Id. at 565. In the present case, however, the notice of appeal indicates that it is a direct appeal from the judgments of conviction and sentence entered on April 22, 1998, and does not purport to address the pending pro se motion to withdraw the guilty plea (which was not denied until almost a month after the notice of appeal was filed). As we recognized in *Livingston*, in order for a prematurely filed notice of appeal to be effective, "the notice must clearly indicate the order from which it seeks relief." Id. Accordingly, the notice of appeal does not come within the rule set forth in *Livingston*, but instead operated to divest the trial court of jurisdiction to modify its judgment.

[3] *Romano*, supra, stated that a hearing is not required on a motion to withdraw a guilty plea, while *Weathers v. State*, 149 Ga. App. 617, 619-620 (255 SE2d 90) (1979), overruled on

such a hearing. It is well settled that, even if a defendant has a due process right to a hearing, that right may be waived by failure to request a hearing. *Wilkins v. State*, 220 Ga. App. 516, 518 (3) (469 SE2d 695) (1996); *Mullins v. State*, 224 Ga. App. 218 (1) (480 SE2d 264) (1997). See also *Peyton v. Peyton*, 236 Ga. 119, 120-121 (223 SE2d 96) (1976). "[T]he trial court has no duty to initiate such hearing until requested by one of the parties. . . . [T]he party seeking a hearing must take affirmative steps to request one." (Punctuation omitted.) *Wilkins*, supra. Having failed to request a hearing, Isaac cannot complain of the trial court's failure to hold one. Id.

As discussed above, the transcript of the guilty plea hearing was sufficient to authorize the trial court to conclude that the plea was freely and voluntarily made. It is well established that a trial court may rely on the transcript of the plea hearing in ruling on a motion to withdraw a plea, notwithstanding a defendant's later assertion that his plea was not voluntary. See *Thornton v. State*, 180 Ga. App. 274, 275 (349 SE2d 23) (1986); *Crump v. State*, 154 Ga. App. 359, 360 (268 SE2d 411) (1980). Accordingly, the trial court did not abuse its discretion in denying the motion to withdraw the plea. Id.[4]

4. In his final enumeration of error, Isaac contends that he received ineffective assistance of counsel in connection with his plea. To challenge a guilty plea based on ineffectiveness of counsel, a defendant must show that there is a reasonable probability that, but for counsel's deficiency, he would not have pled guilty, but would have insisted upon going to trial. *Edmond v. State*, 214 Ga. App. 707, 708 (2) (448 SE2d 775) (1994). As discussed above, on a direct appeal from a guilty plea, the merits of the appeal can be addressed only if the issues raised may be resolved by facts appearing in the record. *Caine*, supra. Isaac's assertions of ineffectiveness are based largely on facts not appearing in the record. Thus, "[t]he issues which he seeks to raise on appeal can be developed only in the context of a post-plea hearing," and Isaac may not raise these issues in this direct appeal. Id. at 422.

*Judgment affirmed in part, reversed in part, and remanded. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 22, 1999.

*Alexander & Vann, Marcus R. Todd, L. Warren Turner, Jr. & Associates, Jody D. Peterman*, for appellant.

---

other grounds by *State v. Germany*, 245 Ga. 326, 328 (265 SE2d 13) (1980), held that a hearing is necessary.

[4] Because of our ruling above, it is not necessary to consider the State's contention that the pro se motion to withdraw was improper because Isaac was represented by counsel at the time it was filed.

*J. David Miller, District Attorney, Mark E. Mitchell, Assistant District Attorney,* for appellee.