A01A0303. COOPER v. THE STATE.
(549 SE2d 829)

ELLINGTON, Judge.

A Fulton County jury convicted Kenneth Cooper of three violations of the Georgia Controlled Substances Act, OCGA § 16-13-30 et seq. Cooper filed a motion for new trial, as well as two amendments to the motion. As amended, the motion raised 14 alleged errors, including the trial court's denial of various evidentiary motions, a motion for severance, and a motion for a directed verdict. The trial court scheduled a motion hearing for 9:30 a.m. on June 13, 2000. At 9:30 a.m. on the day of the hearing, trial counsel called the court and stated that he was running late and would be in court within ten minutes. After ten minutes, the trial court stated that it had reviewed the motion for new trial and the transcript, determined that the motion lacked merit, and denied the motion without conducting a hearing. The trial court's order denying the motion addressed only the sufficiency of the evidence to support one of the charges. Cooper appeals from the trial court's order, raising nine enumerations of error, including the trial court's failure to conduct a hearing on his motion for new trial.

Although a party has a right to a hearing on his motion for new trial, this Court previously has held that a party desiring a hearing must affirmatively request one. OCGA § 5-5-40 (e); *Shockley v. State,*

[6] *Edwards v. State,* 239 Ga. App. 44, 46 (1) (518 SE2d 426) (1999).
[7] *Roundtree v. State,* 213 Ga. App. 793, 794-795 (446 SE2d 204) (1994).

230 Ga. 869 (199 SE2d 791) (1973); *Wilkins v. State*, 220 Ga. App. 516, 518 (3) (469 SE2d 695) (1996). Pretermitting whether Cooper's motion could be construed as a request for a motion hearing, however, the record clearly demonstrates that a hearing was, in fact, scheduled. Cooper was entitled to rely on this fact and was relieved of any additional need to formally request a motion hearing. Further, there was no evidence in the record to indicate Cooper waived or abandoned his right to a motion hearing.[*] Cf. *Wilkins v. State*, 220 Ga. App. at 518 (3). Under these circumstances, the trial court's failure to conduct a hearing on Cooper's motion for new trial was error. We vacate the trial court's order and remand this case for a hearing on the merits of Cooper's motion for new trial.

*Judgment vacated and case remanded. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JUNE 6, 2001.

*Lagrant Anthony, Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Bettieanne C. Hart, Myrlin Earle, Assistant District Attorneys*, for appellee.

---

[*] In its responsive brief to this Court, the State concedes that Cooper is entitled to a hearing on his motion for new trial.