A97A0874. TURNER v. THE STATE.
(486 SE2d 639)

BIRDSONG, Presiding Judge.

On appeal from his rape and aggravated sodomy convictions, Eric Turner claims the destruction of a portion of his trial transcript requires a new trial. He also contends the evidence presented was insufficient to support his convictions. *Held*:

1. As Turner contends, OCGA § 17-8-5 requires that testimony in felony cases be transcribed. Because a flood destroyed the court reporter's notes of the testimony of two witnesses, Turner argues

that the partial absence of the trial transcript effectively deprives him of the right to appeal and requires a new trial. See *Wade v. State*, 231 Ga. 131, 133 (200 SE2d 271). However, when a portion of the trial transcript is unavailable, OCGA § 5-6-41 (f) and (g) allow the parties to recreate the transcript from memory and allow the court to do so when the parties cannot agree.

Upon learning of the missing testimony, the State moved to recreate the transcript and submitted its recollection of the missing evidence pursuant to OCGA § 5-6-41 (f). Turner made no effort to join in this process, and approximately seven months later the trial court certified the State's submitted recollection as a substitute partial transcript. We find no error in the trial court's action, which was within its power pursuant to OCGA § 5-6-41 (g). See *Stubbs v. State*, 220 Ga. App. 106, 110 (5) (469 SE2d 229).

Although Turner contends the court erred by failing to hold a hearing on this issue, he never suggested to the court that he disagreed with the State's recollected testimony; neither has he suggested to this Court any error in the substituted transcript. In the absence of disagreement, the trial court was not required to "set the matter down for a hearing with notice to both parties and resolve the difference." OCGA § 5-6-41 (f). The law does not permit Turner simply to refuse to participate in the statutory procedure and then claim error. See *Stubbs*, supra; see also *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779), where we held that if a transcript is inaccurate, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f).

2. The evidence presented at trial, when viewed under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), supports the convictions. A witness identified Turner as being in the vicinity of Williams' store before 11:00 on the night of the attack. The victim testified that around that time, she walked past Williams' store in the direction of her grandfather's house. Turner, her cousin, grabbed her, pushed her to the ground, and told her he would kill her if she screamed. He then orally sodomized her and vaginally penetrated her before hearing a noise and running away. She immediately called police and showed them the place where she had been attacked. The two officers to whom she reported the attack testified she was covered with dirt, and one officer testified that her face was scratched and her panties torn. This evidence adequately supports the convictions. See *Hardy v. State*, 210 Ga. App. 811, 813 (4) (437 SE2d 790); *Barnes v. State*, 184 Ga. App. 513 (1) (361 SE2d 876).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED MAY 2, 1997.

Before Judge Bishop.

*James E. Friese*, for appellant.

*Charles M. Ferguson, District Attorney, Keith W. Day, Assistant District Attorney*, for appellee.