## S02A1101. GRANVILLE v. THE STATE.
### (571 SE2d 759)

HINES, Justice.

Raymond Granville appeals from his conviction for the malice murder of Thomas Smothers.[1] For the reasons that follow, we affirm.

---

[1] Smothers was killed on February 18, 1997. On August 23, 1997, a Fulton County grand jury indicted Raymond Granville for malice murder, aggravated assault, and felony murder in the commission of aggravated assault. Granville was tried before a jury on May 10-12, 1999, and found guilty on all counts. On May 12, 1999, Granville was sentenced to life in prison for malice murder; the felony murder stood vacated by operation of law and the court declared that the aggravated assault merged with the malice murder. See *Malcolm v. State*, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). Granville moved for a new trial on June 8, 1999, which was denied on February 27, 2002. He filed a notice of appeal on March 15, 2002, his appeal was docketed in this Court on April 8, 2002, and submitted for decision

In his sole enumeration of error, Granville asserts that the evidence is insufficient to authorize the jury to find him guilty of the crime of which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Construed to support the verdicts, the evidence showed that two witnesses saw Granville attacking Smothers on the street; Granville was striking Smothers and pulling at him while Smothers held onto a tree, pleading with Granville. Smothers referred to Granville by his nickname, "Red." Granville dragged Smothers into an alley. Smothers dragged himself from the alley, and Granville continued to punch and then kick and "stomp" Smothers. One witness saw a knife in Granville's hand as he dragged Smothers to the alley, and as Granville walked away after the attack; the other witness saw "something sharp" and described some of Granville's motions with his hands as "slicing" at Smothers's face. Both witnesses lived in the area and knew Granville by sight prior to the attack.

Smothers suffered a fatal stab wound to his abdomen. There were also many cuts to his face and other body parts. When police arrived shortly after the attack, Smothers was still alive and told the police that the mother of the assailant lived in the same nearby rooming house as Smothers, in the first room on the left. There was a considerable amount of blood at the crime scene, and a trail of blood led from the crime scene to the rooming house. As police approached the rooming house, Granville fled the building, but was shortly apprehended. Police recovered a bloodstained knife from the floor of the rooming house hallway.

Granville contends, in part, that the evidence did not authorize the verdict of malice murder because there was no evidence that he had a knife during the attack on Smothers, or that there was any blood on Granville. However, this contention ignores the testimony that one witness saw Granville with a knife during the attack, and the other saw Granville "slicing" Smothers with something sharp. Further, a police officer testified that Granville had blood on him when apprehended, and one witness to the attack testified that when he saw Granville after the attack, but before his apprehension, Granville had changed clothes.

Granville notes that the State did not test the knife found in the rooming house to compare it with Smothers's wounds, and did not produce the actual knife at trial, only photographs. However, that the State did not produce certain evidence does not mean that the evidence presented was insufficient to allow a jury to find Granville guilty of malice murder. Granville also argues that the evidence must

be considered insufficient because the jury showed some confusion when it asked the court to provide it with the testimony of police officers about "the statement by the victim in which he identifies the assailant?"[2] It is true, as Granville notes, that the officers testified that Smothers told them that he did not know the name of his assailant, but that the mother of the attacker lived in a certain room in the same rooming house as Smothers. It was established that the room in question housed Granville's mother, and thus it was reasonable for the jury to inquire about the testimony in which Smothers "identifies" Granville. The question did not in any way indicate that the jury found the evidence insufficient, and the evidence amply authorized the jury to find beyond a reasonable doubt that Granville was guilty of the malice murder of Smothers. *Jackson*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 28, 2002.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Elizabeth A. Baker*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Madonna M. Heinemeyer*, Assistant Attorney General, for appellee.

---

[2] The court responded to the question by instructing the jurors to rely on their recollection of the testimony.