A03A0586. DAWSON v. THE STATE.
(581 SE2d 371)

ELLINGTON, Judge.

A Clayton County jury found Alexander Dawson guilty of rape, OCGA § 16-6-1. He appeals from the order denying his motion for new trial, contending his conviction was barred by double jeopardy and alleging several evidentiary errors.

Viewed in the light most favorable to the jury's verdict,[1] the record reveals the following relevant facts. On the morning of December 10, 1998, Dawson kicked his eight-months-pregnant ex-girlfriend down a flight of stairs. The victim lay injured on the floor for 20 minutes, then went back upstairs to her bedroom, complaining of stomach pain. Instead of taking her to the hospital, as she requested, Dawson pressed her back on the bed and made her have sexual intercourse with him. She repeatedly told him she did not want to have sex, but she did not fight because she was in pain and afraid he would hurt her again. After the rape, the victim drove herself to the hospital where she made an immediate outcry to both a nurse and a detective. An examination of the victim's vagina revealed the presence of sperm. The victim testified that Dawson had been violent to her in the past; he hit her, choked her, and "busted" her car's windshield.

1. Dawson contends his rape conviction violates the constitutional prohibition against double jeopardy. Dawson was previously tried for rape, battery, and criminal trespass. The jury acquitted him

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

of family battery for pushing the victim down the stairs and convicted him of criminal trespass, and the trial court declared a mistrial on the rape count. Dawson contends the factual allegations that supported his battery "could not be used at a second trial to serve as an element of rape," arguing collateral estoppel. However, a review of the transcript and the indictment plainly shows that the facts supporting the battery (being kicked down the stairs) were separate and distinct in both space and time from the facts showing the force used in the rape (pressing her to the bed; fear; implicit threat of future violence). Because the facts central to proving the rape conviction in the instant trial were not determined in the former trial, the State was not barred from reprosecuting Dawson. See, e.g., *Ashe v. Swenson*, 397 U. S. 436, 444 (90 SC 1189, 25 LE2d 469) (1970); *Phillips v. State*, 272 Ga. 840, 842 (537 SE2d 63) (2000); *State v. Tate*, 136 Ga. App. 181, 186 (220 SE2d 741) (1975).

2. Dawson contends the court should have instructed the jury that a witness who testified in the second trial violated the rule of sequestration. The record indicates that the witness may have been present during some part of the first trial, but that she did not testify. There was no proffer made as to what she did or did not hear of the first trial. Further, the record does not show that the witness violated a requested court-ordered sequestration ruling during the second trial or that the rule was even invoked. Finally, Dawson did not request a jury instruction regarding this witness' credibility given her alleged presence at the first trial. Given these circumstances, Dawson has neither preserved error nor shown facts demonstrating error. *Askew v. State*, 254 Ga. App. 137, 139-140 (3) (564 SE2d 720) (2002).

3. Dawson contends the trial court erred in admitting evidence of prior difficulties between himself and the victim. Dawson failed to interpose a timely objection[2] to any of this evidence, however. Consequently, any error is waived. "It is well-settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection." (Punctuation omitted.) *Anthony v. State*, 236 Ga. App. 257, 259 (2) (511 SE2d 612) (1999).

4. Contrary to Dawson's contention, the record shows that the State properly filed its notice of intent to seek punishment under

---

[2] There is no evidence Dawson obtained a pretrial ruling to exclude evidence of prior difficulties. Although he made a belated motion in limine at the end of his first trial, he did not renew that motion prior to the second trial. Moreover, at the end of the first trial, he agreed that curative instructions would correct any error caused by the introduction of the evidence. Consequently, under these circumstances, Dawson cannot contend he expected his motion in limine to preserve error in a second trial when he expressly elected the remedy of curative instructions in the first. See *Robinson v. State*, 173 Ga. App. 260, 261-262 (3) (325 SE2d 882) (1985); *Nolton v. State*, 196 Ga. App. 690, 691 (2) (396 SE2d 605) (1990).

OCGA § 17-10-7 and that the court properly sentenced him as a recidivist under that statute.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED APRIL 10, 2003.

*Derek M. Wright*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.