## A06A1335. NEWTON v. THE STATE.
(634 SE2d 839)

MIKELL, Judge.

After a jury trial, Eric Benson Newton was convicted of armed robbery, aggravated assault, fleeing to elude a police officer, and

---

reckless driving. On appeal, Newton challenges the sufficiency of the evidence as to each offense. We affirm.

The standard of review on appeal of a criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] The appellant no longer enjoys the presumption of innocence, and we determine only the sufficiency of the evidence.[2] We do not weigh the evidence or assess witness credibility.[3] So viewed, the evidence shows that Mary Harvey, who was employed at a gas station on December 8, 2001, was robbed by a man whom she later identified as Newton. Harvey explained that Newton entered the store at approximately midnight and asked to buy a carton of Marlboro cigarettes. Once she placed the cigarettes on the counter and entered the price into the cash register, he grabbed her arm and demanded that she give him the money from the register. When Harvey told him to give her the opportunity to open the drawer, Newton stabbed her in the hand twice with a pair of scissors, leaving four puncture wounds. Harvey testified that she gave him the money and that before leaving the store, Newton threatened to kill her if she called the police.

Harvey recalled that Newton was wearing a tan jacket, dark shirt, and dirty blue jeans and socks but did not have on shoes and that he wore a rebel flag "doo rag" on his head and smelled like alcohol. After Newton exited the store, Harvey hit the alarm button and called 911. Harvey described Newton to the 911 operator and to one of the two officers who responded to the scene. Investigator Sam West also responded to the scene and was watching a videotape of the robbery when Officer Edward Parker radioed that he had the suspect and wanted to bring him to the store so that Harvey could identify him.

Harvey identified Newton at the scene and testified that she was absolutely positive of her identification of him, even though he had removed his "doo rag" and his jacket when she saw him in the back of the police car. Harvey also testified that West prepared a photographic lineup that he brought back to the store, and that she identified Newton from the lineup. Harvey wrote her name and the date on the back of Newton's picture and indicated that she was 100 percent sure that he was the perpetrator. The photographic lineup was admitted without objection.

---

[1] (Citations and punctuation omitted.) *Parks v. State*, 257 Ga. App. 25 (1) (570 SE2d 350) (2002).

[2] *James v. State*, 227 Ga. App. 907, 908 (1) (490 SE2d 556) (1997).

[3] Id.

Officer Parker testified that he was patrolling the area where the incident occurred when he noticed a gray mid-sized car backed into a gravel spot near the gas station; that the car had not been there when he patrolled the area 30 to 45 minutes earlier; that he made a U-turn to go look at the car and that it pulled out of its parking spot; that he activated his lights and his siren, and the vehicle fled at a very high rate of speed; that the driver often drove on the wrong side of the road and turned out his lights; and that he discontinued the chase due to public safety but continued to pursue the vehicle. Parker further testified that when he caught up with the vehicle, it was in a ditch and the driver was still inside; that the tag on the vehicle matched the one that he had been chasing; that he requested assistance and approached the vehicle with his gun drawn; that once he had the perpetrator handcuffed, he heard the call that an armed robbery had just occurred and that the perpetrator fit the description of the suspect described on the radio; and that he saw an unopened carton of Marlboro cigarettes and money in the car. Parker identified Newton in court. The video recorder in Parker's patrol car activated while he was in pursuit of Newton, and the videotape was introduced into evidence and played for the jury.

Detective West testified that he went to the area where Parker had apprehended Newton before going to the store and that he located money, cigarettes, and a pair of scissors in the car; that he had already received information that money and cigarettes had been stolen from the store and that the weapon used during the crime was a pair of scissors; and that Parker's detainee was wearing a blue shirt, beige jacket, jeans, and dirty socks. West further testified that he left Parker and went to the gas station, where he spoke to Harvey and watched the videotape. West compiled a computerized lineup, which he printed and showed to Harvey, who identified Newton as the perpetrator.

In Newton's single enumerated error, he challenges the sufficiency of the evidence. We have reviewed the record and find that the evidence is sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Newton was guilty of the crimes of which he was convicted.[4]

Though not enumerated separately as error, Newton argues, as a part of his challenge to the sufficiency of the evidence, that both the photographic lineup and the showup at the scene were impermissibly suggestive, and that without those identifications, his convictions must be reversed. However, Newton did not raise these alleged errors below, and "[w]here an objection to evidence is raised for the first

---

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

time … in this Court, nothing is presented for review."[5] Regarding the pre-trial photographic lineup, "[Newton] did not object when the police officer who conducted the lineup testified that [Harvey] identified [Newton] as the [perpetrator], when the photographic lineup was entered into evidence, or when [Harvey] testified that [she] identified [Newton] in the lineup."[6] Consequently, the issue is waived on appeal.[7] Similarly, Newton failed to object to the police officers' testimony as to Harvey's identification of him at the scene and to Harvey's testimony that she identified him at the scene shortly after the incident. As a result, this issue, too, is waived on appeal.[8] Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 26, 2006.

*Jerry W. Moncus*, for appellant.
*Kermit N. McManus, District Attorney, B. Scott Minter, Assistant District Attorney*, for appellee.

---

[5] (Citation omitted.) *Clark v. State*, 236 Ga. App. 153, 155 (2) (510 SE2d 907) (1999).

[6] *Johnson v. State*, 261 Ga. App. 98, 102 (5) (581 SE2d 715) (2003). See also *Pugh v. State*, 214 Ga. App. 470, 472 (6) (448 SE2d 16) (1994).

[7] *Johnson*, supra, citing *Hines v. State*, 246 Ga. App. 835, 837 (2) (541 SE2d 410) (2000). See also *Rutledge v. State*, 237 Ga. App. 390, 392 (3) (515 SE2d 1) (1999).

[8] *Williams v. State*, 269 Ga. App. 673, 678 (3) (b) (605 SE2d 83) (2004); *Freeman v. State*, 253 Ga. App. 597, 598-599 (1) (a) (560 SE2d 77) (2002).