## A08A1782. HOLMES v. THE STATE.

(671 SE2d 236)

PHIPPS, Judge.

Marquez Holmes was convicted of armed robbery. He filed a motion for new trial, challenging the sufficiency of the evidence to support his conviction and claiming that his retained trial attorney rendered ineffective assistance. Holmes appeals the trial court's denial of that motion. We find no error and affirm.

Holmes was charged with taking United States currency from employees of a drive-through restaurant by use of a handgun. Three restaurant employees testified that at about 6:00 p.m. on August 4, 2005, Holmes forced his way into the restaurant, brandished a handgun, demanded money from the cash register, discharged the gun as the money was being given to him, and then fled. All three witnesses testified that they were able to clearly observe the un-masked robber at a close distance. Immediately after the robbery, one of the employees announced that she knew the robber because she had been in a high school class with him the year before and could identify him from the high school yearbook. A yearbook was procured and brought to the restaurant within fifteen to twenty minutes after the robbery, and all three employees positively identi-fied Holmes as the robber from the yearbook. They also positively identified him at trial. The restaurant owner testified that about $400 in cash was taken in the robbery. From inside the restaurant, police recovered a single shell casing fired from a .22 caliber handgun.

Shortly after the robbery, police officers went to Holmes's residence. Police described him as nonhostile and cooperative. A consent search of his room uncovered no items connected to the robbery. After he was arrested, a friend of his came to the police station and said that Holmes had been at a high school football practice at the time of the robbery. At trial, his mother and the friend testified in support of that alibi.

1. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. ... As long as there is some competent evidence, even though contradicted, to

support each fact necessary to make out the State's case, the jury's verdict will be upheld.[1]

Clearly, the evidence is sufficient to support Holmes's conviction of armed robbery under this standard.

2. Holmes claims that his counsel was ineffective in failing to consider using the services of an expert in eyewitness identification or to request funds to hire such an expert, in failing to discuss the facts of the case with him before trial, in failing to investigate the case, in failing to provide him with adequate information to decide whether to plead guilty, in failing to object to jury instructions, and in failing to attempt to rehabilitate two prospective jurors who were excused for cause or to ensure that their removal for cause was legally justified.

To prevail on a claim of ineffective assistance, appellant must make a two-pronged showing: (1) that counsel's performance was deficient and (2) that the deficient performance so prejudiced appellant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.[2] To meet the first prong of the test, appellant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.[3] If, however, an appellant fails to meet his burden of proving either prong, the reviewing court need not examine the other prong.[4] "In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo."[5]

Holmes's trial attorney was the only witness to testify at the hearing on Holmes's motion for new trial. From counsel's unrebutted testimony, the trial court was authorized to find that he adequately discussed the facts of the case with Holmes, adequately investigated the case, and provided Holmes with enough information to make an informed decision as to whether to enter a guilty plea. Although counsel also testified that he did not consider using the services of an expert in eyewitness identification or file a motion for funds to hire such an expert, Holmes has made neither a proffer of what the testimony of the expert would have been nor a showing that

---

[1] *Austin v. State*, 286 Ga. App. 149, 151 (1) (648 SE2d 414) (2007) (citations, punctuation and emphasis omitted).

[2] *Nix v. State*, 280 Ga. 141, 142 (3) (625 SE2d 746) (2006).

[3] Id.

[4] *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[5] *Bales v. State*, 277 Ga. 713, 715 (2) (594 SE2d 644) (2004) (citation omitted).

the trial court would have abused its discretion in denying such a motion. Thus, he has failed to show that he was prejudiced by counsel's omissions in these regards.[6] Similarly, Holmes has made no showing of any erroneous jury instructions. As to the two prospective jurors to whom Holmes refers, he has not shown from his citations to the record that removal for cause of the first, as being within a prohibited degree of relationship by marriage, was error or that the second was even struck for cause. "'As we have reiterated time and time again, this Court will not cull the record in search of error on behalf of a party.' "[7] Reviewing Holmes's claims of ineffective assistance of counsel, the trial court found that in each instance he had failed to carry his burden of showing prejudice. We find no error in the court's rulings.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED DECEMBER 11, 2008.

*Mark T. Phillips*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.

---

[6] See *Pringle v. State*, 281 Ga. App. 230, 234 (2) (a) (635 SE2d 843) (2006) (absent proffer of what testimony of expert on reliability of eyewitness identification would have been at trial, defendant cannot show he was prejudiced by counsel's failure to file a motion for funds to hire such an expert); *Dingler v. State*, 281 Ga. App. 721, 722-723 (1) (637 SE2d 120) (2006) (motion for funds to obtain expert witness requires defendant to demonstrate that without assistance of expert, defendant's trial would be rendered fundamentally unfair; trial court has discretion to grant or deny motion).

[7] *Gardner v. State*, 289 Ga. App. 359, 360 (657 SE2d 288) (2008) (citation and footnote omitted).