## S08A1849. BROWN v. THE STATE.
(672 SE2d 651)

CARLEY, Justice.

A jury found David Brown guilty of malice murder. The trial court entered judgment of conviction and sentenced Brown to life imprisonment. Brown filed a motion for new trial, which the trial court denied. Brown appeals, challenging the sufficiency of the evidence supporting his conviction.[*]

Construed most strongly in support of the verdict, the evidence shows that Brown and Kawaski Johnson had an argument while standing in checkout lines inside a Wal-Mart store. A surveillance camera videotape admitted into evidence shows that Johnson left the store first and Brown followed him, putting the bag of items that he had just purchased on the floor before going out the door. The videotape shows that immediately after he left the store, Brown jumped on Johnson from behind and stabbed him with a knife multiple times. Johnson got away from Brown, ran to his car and drove away from the store. Some time later, Johnson drove his car off the roadway, went through a ditch and hit a mobile home. A police officer responded to the accident scene and found Johnson unconscious in the car. Emergency medical personnel arrived and transported Johnson to a hospital, where he was pronounced dead, and a doctor discovered stab wounds on his body. The medical examiner subsequently determined that the cause of Johnson's death was a stab wound to his chest that penetrated his heart and his left lung. Later on the day of the killing, Brown went to the police station and admitted to a detective that he had cut Johnson with his knife, but claimed that he did so only after Johnson first threatened and attacked him. Brown also gave the detective the knife that he used to stab Johnson.

Brown contends that there is insufficient evidence of malice because his statement to the detective that Johnson was the aggressor was not refuted by any other testimony.

---

[*] The crime occurred on August 20, 2005, and the grand jury returned an indictment on October 5, 2005. The jury found Brown guilty on February 27, 2007, and that same day the trial court entered judgment. The motion for new trial was filed on March 21, 2007, and denied on March 5, 2008. Brown filed the notice of appeal on April 3, 2008. The case was docketed in this Court on July 17, 2008, and submitted for decision on September 8, 2008.

A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being. Express malice is that deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof. Malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart.

OCGA § 16-5-1 (a), (b). "Whether a killing is intentional and malicious is for the jury to determine from all the facts and circumstances. [Cit.]" *Oliver v. State*, 276 Ga. 665, 666 (1) (581 SE2d 538) (2003).

In the instant case, although Brown told the detective that Johnson was the aggressor, it was for the jury to decide whether to accept or reject that claim. See *Rivers v. State*, 283 Ga. 1, 3 (1) (655 SE2d 594) (2008). Based on the videotape evidence showing that Brown followed Johnson out of the store, jumped on him from behind and stabbed him multiple times, the jury was authorized to determine that Brown acted with malice aforethought. See *Najera v. State*, 274 Ga. 481, 482 (554 SE2d 497) (2001); *Sapp v. State*, 273 Ga. 472, 473 (543 SE2d 27) (2001).

Brown also claims that the evidence is insufficient because it does not show that any weapon found in his possession caused the fatal injury to Johnson. However, this claim ignores the detective's testimony that he specifically asked Brown where the weapon was, and that Brown immediately pulled the knife out of his pocket and gave it to the detective. Moreover, the State was not required to introduce the knife at trial, let alone show conclusively that it is the same one that was used in the crime. See *Granville v. State*, 275 Ga. 663, 664 (571 SE2d 759) (2002) (sufficient evidence of malice murder even though the State did not produce knife at trial); *Davis v. State*, 272 Ga. 327, 330 (4) (528 SE2d 800) (2000) (weapon admissible even though not conclusively shown to be same one used in crime). Rather, any discrepancies in the evidence concerning the murder weapon went to the weight and credibility of such evidence, and "[t]he jury in this case was authorized to determine whether the [knife] admitted in evidence was the weapon used by [Brown] to [stab] the victim. [Cits.]" *Davis v. State*, supra.

[O]n appeal, the function of this Court is not to weigh the evidence or resolve conflicts in trial testimony; this Court is to examine the evidence in the light most favorable to the

verdict and to determine whether it is legally sufficient to uphold a finding of the defendant's guilt. [Cit.]

*Brewer v. State*, 280 Ga. 18, 19 (1) (622 SE2d 348) (2005). Having so examined the evidence, we conclude that it is sufficient for a rational trier of fact to find Brown guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 2009.

*Boyd English*, for appellant.

*Richard E. Currie*, District Attorney, *John A. Rumker*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Reggie A. Lampkin*, Assistant Attorney General, for appellee.