## S11A0611. GLASS v. THE STATE.
(712 SE2d 851)

CARLEY, Presiding Justice.

Appellant Kentez L. Glass and his co-defendant Christopher K. Anderson were separately indicted, but later tried jointly before a

jury on a new indictment. Glass was found guilty of the felony murder of Jenterra Bennett, the underlying felony of aggravated assault against Anderson, and possession of a firearm during the commission of a felony. The trial court entered judgments of conviction and sentenced Glass to life imprisonment for murder, a concurrent 20-year term for aggravated assault, and a consecutive five-year term for the weapons charge. Anderson was convicted of aggravated assault against Glass and certain firearms offenses, and those convictions were affirmed on appeal. *Anderson v. State*, 306 Ga. App. 423 (702 SE2d 458) (2010). After a motion for new trial was filed by Glass and denied by the trial court, he appealed to the Court of Appeals, which transferred the case to this Court.[*]

1. Construed most strongly in support of the verdicts, the evidence, as summarized by the Court of Appeals, shows the following:

> [I]n the late evening of August 16, 2007, Anderson exchanged words with . . . Glass and others as he departed a Coweta County pool room, returning shortly thereafter with a gun which he fired at Glass but missed as he ran. Glass, in turn, returned to the tavern early the next morning and fired into a crowd intending to hit Anderson. Instead he killed [Ms. Bennett, who was] an innocent bystander.

*Anderson v. State*, supra. Glass cursorily argues several matters, such as the criminal record of several witnesses and the placement of his picture around the community with an alert to be on the lookout, that only affect "[t]he credibility of the witnesses and the weight to be given to their testimony[, which] are matters for the jury." *Cox v. State*, 279 Ga. 223, 224 (2) (610 SE2d 521) (2005).

As part of his challenge to the sufficiency of the evidence, Glass complains that the photographic lineup used to identify him was impermissibly suggestive. However, he fails to point out where he raised this alleged error below. See *Newton v. State*, 280 Ga. App. 709, 711-712 (634 SE2d 839) (2006). Moreover, in his only specific complaint about the lineup, Glass mentions the position of his photograph in relation to the others, but he fails to show how his

---

[*] The crimes occurred on August 17, 2007, and the grand jury returned the joint indictment on September 2, 2008. The jury found Glass guilty on October 24, 2008, and, on that same day, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed on November 19, 2008, amended on September 14 and 15, 2010, and denied on October 15, 2010. Glass filed the notice of appeal on November 1, 2010, and the Court of Appeals transferred the appeal on December 10, 2010. The case was docketed in this Court for the April 2011 term and submitted for decision on the briefs.

photograph stood out from the others in any arbitrary or apparent way. See *Hodnett v. State*, 269 Ga. 115, 118 (4) (498 SE2d 737) (1998).

Glass also fails to point out where he raised his claim that the GBI firearm examiner who testified at his trial later resigned due to charges of falsifying information and lying under oath in other cases. Even assuming that on motion for new trial this claim was sufficiently supported,

> [a] new trial is not authorized where the only effect of newly discovered evidence would be to impeach the credibility of a witness and "(t)his is true even though the witness whose credibility would be impeached gave the only testimony on some vital point in the case. (Cit.)" [Cit.]

*Bryant v. State*, 268 Ga. 664, 665 (3) (492 SE2d 868) (1997).

Moreover, the fact that the gun used to kill the victim was never found does not make the evidence insufficient. *Walker v. State*, 282 Ga. 703, 704 (1) (653 SE2d 468) (2007). "[T]hat the State did not produce certain evidence does not mean that the evidence presented was insufficient to allow a jury to find [Glass] guilty of . . . murder." *Granville v. State*, 275 Ga. 663, 664 (571 SE2d 759) (2002).

Numerous eyewitnesses saw Glass fire a gun into a crowd striking the victim, shout expletives, and assert that he was a killer. The evidence was more than sufficient for a rational trier of fact to find Glass guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Anderson v. State*, supra.

However, the count that alleged aggravated assault upon the person of Anderson by shooting at him must merge into the felony murder count, which alleged that Glass caused the death of Ms. Bennett while in the commission of aggravated assault upon the person of Anderson.

> Although the felony murder and the underlying felony were committed on different victims, the count of the indictment alleging felony murder sets forth the aggravated assault against [Anderson] as the underlying felony supporting the charge of felony murder. [Cit.] "Accordingly, a separate conviction and sentence on that aggravated assault count was not authorized and must be vacated." [Cits.]

*Wyman v. State*, 278 Ga. 339 (1) (602 SE2d 619) (2004). See also *Bolston v. State*, 282 Ga. 400, 401 (2) (651 SE2d 19) (2007).

2. Glass contends that the trial court set pre-trial bond in an excessive and unreasonable amount, thereby preventing him from

meaningfully participating in his defense. Although Glass made a pre-trial motion to reduce his bond, no transcript of the hearing was ever filed. The hearing on the motion for new trial shows that the court reporter who took down the pre-trial hearing moved to another country and that the court reporting agency could find no record of the transcript.

"OCGA § 17-8-5 (a) requires the trial judge to ensure that the testimony in all felony trials is taken down." *Ivory v. State*, 199 Ga. App. 283 (1) (405 SE2d 90) (1991). "This code section clearly states that, in the event of a felony conviction, it is the duty of the state, at its own expense and through the agency of the presiding judge, to request the court reporter to transcribe the reported testimony. [Cit.]" *State v. Hart*, 246 Ga. 212, 213 (1) (271 SE2d 133) (1980). "Pursuant to OCGA § 5-6-41 (d), preliminary motions would be included in the proceedings subject to OCGA § 17-8-5 (a)." *Ivory v. State*, supra at 284 (1).

However, under *State v. Hart*, supra, the State's duty to request the court reporter to transcribe the reported testimony in a felony conviction has no time limit and thus cannot relieve an appellant from a felony conviction of his statutory duty to "cause the transcript to be prepared and filed as provided by Code Section 5-6-41 . . . ." OCGA § 5-6-42. Thus, where the transcript does not fully disclose what transpired in the trial court, the burden is on the complaining party to have the record completed pursuant to OCGA § 5-6-41. *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980); *Womack v. State*, 223 Ga. App. 82 (1) (476 SE2d 767) (1996) (transcript of hearing on pre-trial bond); *Ivory v. State*, supra. In particular, when a portion of the transcript is lost or destroyed, "OCGA § 5-6-41 (f) and (g) allow the parties to recreate the transcript from memory and allow the [trial] court to do so when the parties cannot agree." *Turner v. State*, 226 Ga. App. 348, 349 (1) (486 SE2d 639) (1997). "When this is not done, there is nothing for the appellate court to review. [Cits.]" *Zachary v. State*, supra. See also *Ivory v. State*, supra.

Testimony at the hearing on the motion for new trial in this case "is not a sufficient substitute for a transcript." *Coates v. State*, 222 Ga. App. 888, 889 (2) (476 SE2d 650) (1996). See also *Womack v. State*, supra at 83 (1) (rejecting affidavit and statements in appellate brief). "Without a transcript of the [bond] hearing or a statutorily authorized substitute, this Court must assume that the judgment below was correct." *Womack v. State*, supra at 85 (On Motion for Reconsideration). Glass "has not followed the procedure required by *Zachary*, supra. We have nothing to review." *Ivory v. State*, supra.

3. Glass further contends that the trial court erred in allowing the joinder of his case and Anderson's over objection.

The motion to sever was heard at the same time as the motion to

reduce bond. Thus, no transcript exists with respect to either motion. Although the record shows that the prosecutor offered some recollection of the hearing on the motion to sever and that the trial court invited the parties to try to reach an agreement with regard to that hearing, Glass has not shown that he made any effort to consult with the State to create a substitute for a transcript or how that statutory procedure would be unreliable in this instance.

The law does not permit Glass, who as the complaining party has the burden of having the record completed under OCGA § 5-6-41 (f), (g), "simply to refuse to participate in the statutory procedure and then claim error. [Cits.]" *Turner v. State*, supra. See also *Stubbs v. State*, 220 Ga. App. 106, 110 (5) (469 SE2d 229) (1996). Where a transcript is not completed pursuant to those provisions, the complaining party effectively acquiesces in the omissions and fails to "carry [his] burden of showing by the record the facts necessary to establish [his] point. [Cit.]" *State v. Nejad*, 286 Ga. 695, 698 (1) (690 SE2d 846) (2010).

Again, we have nothing to review, as Glass has not followed the procedure required by *Zachary. Ivory v. State*, supra. "In the absence of a transcript of the hearing on the motion to sever, this court must presume that after hearing the evidence the trial court correctly exercised its discretion in denying the motion. [Cit.]" *Davis v. State*, 158 Ga. App. 549, 550 (1) (281 SE2d 305) (1981).

4. The trial court gave a cautionary instruction to the courtroom audience and witnesses with respect to alleged violations of the rule of sequestration. Glass urges that the trial court erred in failing to give that instruction in the presence of the jury. However, Glass made no showing during the trial that the rule had indeed been violated. *Dawson v. State*, 260 Ga. App. 824, 825 (2) (581 SE2d 371) (2003); *Robinson v. State*, 246 Ga. App. 576, 582 (7) (541 SE2d 660) (2000). Moreover, "[a] party's remedy for a violation of the rule is to request the trial court to charge the jury that the violation should be considered in determining the weight and credit to be given the testimony of the witness. [Cit.]" *Johnson v. State*, 258 Ga. 856, 857-858 (4) (376 SE2d 356) (1989). See also *Robinson v. State*, supra at 583 (7). Glass "did not request that the trial court charge the jury with this instruction." *Bryant v. State*, 286 Ga. App. 493, 498 (5) (649 SE2d 597) (2007). See also *Johnson v. State*, supra at 858 (4); *Robinson v. State*, supra. Accordingly, this issue has been waived.

5. At a time when the jury was split during deliberations, the trial court made the following statement to the jury:

This is a case that was tried over about 4 days and has over 200 exhibits in it, and you've been deliberating, by my account, approximately four and a half hours, and we're a

long ways from me giving you instructions on a hung jury. I'll just remind you of your oath to well and truly try the case. And I will give you this admonition, to sit back and relax and to consider the evidence again with a view toward seeing the evidence from each other's point of view, and don't get so fixed or entrenched on any particular point of view that you're not willing to consider other jurors' points of view.

Glass contends that this statement was prejudicial, specifically arguing that it is reversible error to instruct the jury to consider the expense of the trial as a factor in deliberations. "As no objection was lodged at the time the charge was given, appellate review of this issue is unavailable. [Cits.]" *Hatcher v. State*, 286 Ga. 491, 494 (4) (690 SE2d 174) (2010). See also *Manley v. State*, 284 Ga. 840, 846-847 (4) (672 SE2d 654) (2009).

Moreover, we find no reversible error, much less any "plain error" pursuant to OCGA § 17-8-58 (b), assuming that analysis under that provision is proper in this case. See *Collier v. State*, 288 Ga. 756, 758 (4) (707 SE2d 102) (2011); *Howard v. State*, 288 Ga. 741, 743 (2), 744 (3), 746 (6) (707 SE2d 80) (2011). "[T]he statement by the trial court in this case cannot be considered coercive because it did not imply in any way that a verdict was required." *Manley v. State*, supra at 847 (4). See also *Sears v. State*, 270 Ga. 834, 838 (1) (514 SE2d 426) (1999). The lapse of four hours between the statement and the verdicts also suggests an absence of coercion. *Sears v. State*, supra. Furthermore, the trial court did not emphasize the expense of trying the case, and its statement did not amount to an instruction for the jury to consider that expense in their deliberations. *Jones v. State*, 270 Ga. 25, 28 (6) (505 SE2d 749) (1998); *Adams v. State*, 255 Ga. 356, 359 (4) (338 SE2d 860) (1986). "The trial court's remark was only made as an explanation for its desire to have the jury deliberate further, and we find no error with the giving of the charge. [Cit.]" *Blige v. State*, 205 Ga. App. 133, 134 (1) (421 SE2d 547) (1992).

6. Glass urges that trial counsel rendered ineffective assistance in several respects. Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Glass "must show both that counsel's performance was deficient and that, but for that deficient performance, there is a reasonable probability the outcome of his trial would have been different. [Cit.]" *Ruffin v. State*, 283 Ga. 87, 90 (12) (656 SE2d 140) (2008). " 'We must accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but we apply the appropriate legal principles to the facts independently. (Cit.)' [Cit.]" *Henry v. State*, 279 Ga. 615,

616 (3) (619 SE2d 609) (2005).

(a) Glass argues that trial counsel failed to confer meaningfully with him so as to allow him to assist in his defense. He cites those portions of his testimony at the hearing on the motion for new trial wherein he complained that his attorney spent inadequate time conferring with him. However, that circumstance "'"'is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client. (Cit.)" (Cit.)' [Cit.]" *Ruffin v. State*, supra at 91 (12) (d). See also *Henry v. State*, supra. "Moreover, [Glass] does not specifically describe how additional communications with his lawyer 'would have changed the outcome of his trial. (Cit.)' [Cit.]" *Henry v. State*, supra. See also *Ruffin v. State*, supra.

(b) Glass complains of trial counsel's failure to preserve the record for appeal in that she obtained neither written orders on pre-trial motions nor a transcript of the hearing on his motion to sever. However, Glass "made no effort to have any such [portions of the record] reconstructed for use in his motion for new trial. [Cit.] Without a record, [he] cannot establish that the failure to [obtain written orders and a transcript] was prejudicial to his defense. [Cit.]" *Moody v. State*, 277 Ga. 676, 681 (6) (c) (594 SE2d 350) (2004). See also *Washington v. State*, 238 Ga. App. 561, 562 (2) (b) (519 SE2d 234) (1999). Moreover, Glass has not "shown a reasonable likelihood that the outcome of his trial would have been different if severance had been granted." *Johnson v. State*, 287 Ga. 767, 770 (700 SE2d 346) (2010).

(c) Glass further complains of trial counsel's failure to move for a mistrial regarding the violation of the rule of sequestration or to request that a cautionary instruction be read to the jury. As noted above, however, a violation of the rule goes only to credibility, not admissibility, and the proper remedy is not a mistrial. *Tiller v. State*, 267 Ga. 888, 891 (5) (485 SE2d 720) (1997), overruled on other grounds, *Dunagan v. State*, 269 Ga. 590, 593 (2) (a), fn. 3 (502 SE2d 726) (1998). See also *Hufstetler v. State*, 274 Ga. 343, 345 (3) (553 SE2d 801) (2001). Furthermore, "[i]n his brief, [Glass] makes no effort to demonstrate how he was prejudiced by his attorney's conduct." *Williams v. State*, 259 Ga. App. 742, 747 (7) (c) (578 SE2d 128) (2003). There is no evidence as to which witnesses violated the rule and whether they actually testified or spoke about their testimony. Moreover, "even assuming that trial counsel's failure to request . . . a [jury] charge [on violation of the rule] constituted deficient performance, [Glass] cannot demonstrate prejudice in light of the overwhelming evidence substantiating his guilt. [Cit.]" *Dockery v. State*, 287 Ga. 275, 278 (5) (a) (695 SE2d 599) (2010). See also *Morgan v. State*, 287 Ga. App. 569, 572 (2) (651 SE2d 833) (2007).

(d) Glass argues that trial counsel failed to obtain an expert for trial to assist the jury in understanding the nature of eyewitness identifications and suggestive lineups. However, counsel testified that she did speak with an eyewitness identification expert and made the strategic decision not to challenge the reliability of the identifications in this case, because Glass was not a stranger to the numerous eyewitnesses, as they either knew Glass or recognized him from having seen him in the community.

"The decision on whether to call an expert witness is one of trial strategy, and we will not find ineffectiveness if counsel's strategy and tactics were reasonable at the time." [Cit.] The holding in *Johnson v. State*, [272 Ga. 254 (526 SE2d 549) (2000)] concerning testimony of an expert in eyewitness identification "does not stand for the proposition that defense counsel is *required* to call an expert witness at trial where one of the primary issues involved is eyewitness identification of the defendant, let alone the proposition that the failure to call such an expert witness amounts to ineffective assistance." [Cit.] (Emphasis in original.)

*Breland v. State*, 287 Ga. App. 83, 88 (3) (651 SE2d 439) (2007). Moreover, Glass

has not shown that the outcome of his trial would have been different had trial counsel obtained and called such a witness. "To establish the prejudicial effect of trial counsel's failure to present certain evidence, an appellant is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case. Absent a proffer of what the testimony of his expert would have been at trial, [Glass] cannot show that there is a reasonable probability that the outcome of the trial would have been different had his counsel taken the suggested course." [Cit.]

*Smith v. State*, 303 Ga. App. 831, 835 (4) (695 SE2d 86) (2010). See also *Holmes v. State*, 295 Ga. App. 192, 193-194 (2) (671 SE2d 236) (2008).

(e) Glass further argues that trial counsel failed to subpoena his key witness Ryan Towns or other witnesses. Towns' testimony at the hearing on the motion for new trial was not necessarily inconsistent with the State's eyewitnesses. Although Towns claimed that he saw Anderson, but not Glass, with a gun, Towns admitted that he did not

see who shot the victim. We conclude that Glass "has failed to carry his burden to show that, if [Towns] had testified at trial, there is a reasonable probability the result of the trial would have been different. [Cit.]" *Savior v. State*, 284 Ga. 488, 491-492 (2) (668 SE2d 695) (2008). With two exceptions, Glass "does not specify which witnesses counsel failed to subpoena; nor does he even suggest how [any] witnesses [other than Towns] would have benefitted his defense." *Harris v. State*, 279 Ga. 304, 307 (3) (b) (612 SE2d 789) (2005). Glass "did not call [any such] witnesses [besides Towns] to testify at the motion for new trial hearing, or present a legally acceptable substitute for their testimony . . . ." *Manriquez v. State*, 285 Ga. 880, 881 (2) (684 SE2d 650) (2009). Thus, Glass has failed to meet his burden of showing prejudice from his attorney's failure to call witnesses at trial. See *Manriquez v. State*, supra. Moreover, Glass has failed to establish prejudice for the additional reason that, as noted above, "[t]he consistent testimony of [numerous] eyewitnesses provided overwhelming evidence of [Glass'] guilt . . . ." *Wright v. State*, 267 Ga. 496, 497 (2) (a) (480 SE2d 13) (1997).

*Judgments affirmed in part and vacated in part. All the Justices concur, except Nahmias, J., who concurs specially.*

NAHMIAS, Justice, concurring specially.

For the reasons given in my special concurrence in *Collier v. State*, 288 Ga. 756, 759 (707 SE2d 102) (2011), I believe that OCGA § 17-8-58 (b) mandates that appellate courts apply plain error review to enumerated errors regarding jury charges that were not objected to at trial as required by § 17-8-58 (a). Thus, with regard to Division 5 of the majority opinion, I do not agree that " 'appellate review of this [jury charge] issue is unavailable' " or that the Court should merely "assum[e]" that plain error review is proper. See Maj. Op. at 547. Nor do I agree that the Court should leave the conflict in our case law on the meaning of § 17-8-58 (b) unresolved, as we have at least six times now since *Collier*. Accordingly, I do not join those portions of Division 5, although I join the remainder of the opinion and, because there was no plain error in the disputed jury charge, the judgment.

DECIDED JULY 11, 2011.

*Veronica E. Brinson*, for appellant.
*Peter J. Skandalakis*, District Attorney, *Kevin T. McMurry*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General,

*Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General,* for appellee.